## (March 23, 1964)

■ ROBERT BRAMAN, Appellant, v. AUSEREHL & SON CONTRACTING CORP., Respondent.— In a negligence action, the plaintiff appeals from so much of an order of the Supreme Court, Kings County, dated November 6, 1963, as denied his motion for a preference in trial, pursuant to statute (CPLR 3403). Order insofar as appealed from, affirmed, without costs and without prejudice to renewal of the motion. This court is cognizant of the possibility of a substantial change in plaintiff's circumstances at the time he is discharged from the hospital. This disposition is, therefore, without prejudice to a renewal of the motion for a preference, at such time, upon appropriate papers showing such change of circumstances. Beldock, P. J., Ughetta, Kleinfeld, Christ and Rabin, JJ., concur.

■ RUBIN GOLDBERG, Appellant, v. CELIA GOLDBERG, Respondent.— In an action by the husband for a judicial separation upon grounds of alleged cruelty, wherein the defendant wife asserts counterclaims for: (a) a separation decree in her favor based upon inadequate support, the refusal of marital relations and a conspiracy to oust her from the marital home; and (b) a decree directing the husband to account for the proceeds of a certain partnership enterprise of the parties, the plaintiff husband appeals, as limited by his brief: (1) from so much of an order of the Supreme Court, Queens County, made September 30, 1963, as awarded $100 a week temporary alimony from September 16, 1963, for the support of defendant and their 16-year-old son, and as awarded a counsel fee of $1,500, with leave to apply to the Trial Justice for an additional allowance; and (2) from so much of an order of the same court, made October 31, 1963 on reargument with respect to alimony and counsel fee, as adhered to the original determination relating thereto. Order of October 31, 1963, modified as follows: (a) by striking out the provision adhering to the original determination as to alimony and counsel fee; (b) by fixing the alimony *pendente lite* at $50 a week, retroactive to September 16, 1963; and (c) by fixing the counsel fee at $1,000, with leave to defendant, if so advised, to apply to the trial court for an additional counsel fee. As so modified, the said order, insofar as appealed from, is affirmed, without costs. One half of the $1,000 counsel fee shall be payable within 10 days after entry of the order hereon, and one half shall be payable when the action first appears on the Day Calendar for trial, with credit to the plaintiff for any payments heretofore made on account of the counsel fee. Appeal from order, dated September 30, 1963, dismissed as academic; such order was superseded by the order of October 31, 1963 to the extent that the latter order granted reargument. In our opinion, upon the basis of the facts — insofar as they can be ascertained from the conflicting affidavits on this record — the awards for alimony and counsel fee made at Special Term were excessive. The present awards, based on conflicting affidavits, should have no effect upon the Trial Judge in his determination as to the permanent alimony, if any, and as to the additional counsel fee, if any. His determination should rest upon the proof adduced at the trial (*Becker* v. *Becker*, 17 A D 2d 806). Beldock, P. J., Ughetta, Kleinfeld, Christ and Rabin, JJ., concur.